IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
PROLIANCE INTERNATIONAL, INC., *et al.*,[1]        :    Case No. 09-12278 (CSS)
                                                   :
         Debtors.                                  :    (Jointly Administered)
                                                   :
---------------------------------------------------------------x    Re: Docket No. 177

## MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS AND APPROVE THE FORM AND MANNER OF NOTICE FOR MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING SALE-RELATED PAYMENTS TO INCENTIVE PLAN PARTICIPANTS

The above captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move (the "Motion to Shorten") the Court for the entry of an order pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to have the *Motion of the Debtors for Entry of an Order Authorizing Them to Pay Sale-Related Payments to Incentive Plan Participants* (the "Motion"), which was filed contemporaneously herewith, considered at a hearing before the Court presently scheduled for August 21, 2009 (the "Hearing").[2] A copy of the Motion is attached hereto as Exhibit A.

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Proliance International, Inc. (7383); Aftermarket Delaware Corporation (9862); Aftermarket LLC; and Proliance International Holding Corporation (9275). The address of each of the Debtors is 100 Gando Drive, New Haven, Connecticut 06513.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or the Motion to Shorten.

## Relief Requested

1. By this Motion to Shorten, The Debtors request entry of an order (a) shortening notice of the Motion, (b) permitting the Motion to be heard at the omnibus hearing presently scheduled for August 21, 2009 at 11:30 a.m. (prevailing Eastern Time) (the "Hearing"), (c) permitting objections to the Motion, if any, to be filed and served on or before August 17, 2009 at 4:00 p.m. (prevailing Eastern Time), and (d) granting such other and further relief as the Court deems just and proper.

2. By the Motion, the Debtors seek entry of an order (a) authorizing the Debtors to implement the Incentive Plan and (b) authorizing the Debtors to make the Contributions to the Plan Pool and the Plan Payments to Senior Management.

3. Local Rule 9006-1(c) requires that motions be filed and served at least 15 days prior to the hearing date scheduled for such motion (or 18 days if notice is given by regular mail), unless the Bankruptcy Rules or Local Rules state otherwise. Bankruptcy Rule 2002 states that twenty days' notice is required for a motion proposing the use, sale or lease of property outside the ordinary course of business. Fed. R. Bankr. P. 2002(a)(2).

4. Local Rule 9006-1(c) also requires that objection deadlines be set at least five days before the hearing date. See Del. Bankr. LR 9006-1(c). Pursuant to Local Rule 9006-1(e), however, these notice and objection deadlines can be shortened "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." See Del. Bankr. L.R. 9006-1(e); see also Fed. R. Bankr. P. 9006(c) ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given

2
NYI-4204527v2
RLF1-3421229-1

thereunder or by order of court, the court for cause shown may in its discretion with or without notice order the period reduced").

5. The Debtors respectfully submit that the exigencies of this matter justify expedited consideration of the Motion. As described more fully in the Motion, in order for the Debtors to maintain their business as a going concern and complete the Sale Processes in order to maximize the value of their estates for the benefit of all their stakeholders, Senior Management's augmented effort is crucial. Accordingly, the Debtors, in the exercise of their sound business judgment, believe that it is imperative that they provide Senior Management the modest and appropriate incentives set forth in the Motion to support that marketing of the Assets and continued operation of the Debtors' business through the closing of the Asset Sales, especially in light of the fact that Senior Management will not have a job following the completion of the sale of the North American Assets.

6. Accordingly, the Debtors are seeking the relief at the Hearing because Senior Management has been using its maximum efforts, including forgoing taking valuable accrued vacation time during these summer months in furtherance of the Sale Processes, with the understanding that the Incentive Plan was to be proposed and with the expectation that it would be approved on or around the same time as the approval of the sale. The sale hearing is presently scheduled before the Court on August 13, 2009.

7. The Debtors intend to serve the Motion to Shorten and the Motion today by facsimile and/or overnight courier on: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition Lenders; (d) the Internal Revenue Service; (e) the Securities Exchange Commission; and (f) those parties who have filed notices of appearance pursuant to

3

Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, approving the shortened notice period requested herein and the form, manner and sufficiency of notice of the Motion and granting such other and further relief as may be just and proper.

Dated: August 3, 2009
   Wilmington, Delaware

Respectfully submitted,

_____
Daniel J. DeFranceschi (DE No. 2732)
Christopher M. Samis (DE No. 4909)
Zachary I. Shapiro (DE No. 5103)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Paul D. Leake
Pedro A. Jimenez
Ross S. Barr
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*ATTORNEYS FOR THE DEBTORS*