IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROLIANCE INTERNATIONAL, INC., *et al.*,[1] | Case No. 09-12278 (CSS) (Jointly Administered) |
| Debtors. | Re: Docket No. 296 |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ELLIOTT GREENLEAF EFFECTIVE *NUNC PRO TUNC* TO JULY 20, 2009, AS DELAWARE AND CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon consideration of the Application for an Order Pursuant to Bankruptcy Code §§ 328(a), 1103(a) and 1103(b) Authorizing the Employment and Retention of Elliott Greenleaf ("EG") *Nunc Pro Tunc* to July 20, 2009 as Delaware and conflicts counsel to the Official Committee of Unsecured Creditors (the "Application"); and the Court being satisfied, based upon the representations made in the Application and the Affidavit of Rafael X. Zahralddin, that EG represents or holds no interests adverse to the Debtors or to their estates as in the matters upon which to be engaged and is a "disinterested party" as such term is defined under § 101(14) of the Bankruptcy Code, and is modified by § 1107(b) of the aforementioned Bankruptcy Code; and that the employment of EG is necessary and is in the best interests of the Debtors and their estates, Creditors and other such interested parties; and it appearing that sufficient notice of the Application has been given; and in good cause having been shown, it is hereby

ORDERED that the Application is approved; and it is further

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Proliance International, Inc. (7383); Aftermarket Delaware Corporation (9862); Aftermarket LLC; and Proliance International Holding Corporation (9275). The address of each of the Debtors is 100 Gando Drive, New Haven, Connecticut 06513.

ORDERED that EG is retained and employed *nunc pro tunc* to July 20, 2009 pursuant to Bankruptcy Code §§ 328(a), 1103(a) and 1103(b); and it is further

ORDERED that EG shall be compensated in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules of the Court, the Administrative Order governing professional fees in the aforementioned cases, and any such procedures as may be fixed by the order of this Court.

Dated: 9/18, 2009
Wilmington, DE

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge